# WILLKIE FARR & GALLAGHER LLP

RICHARD MANCINO
212 728 8243
rmancino@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 14, 2018

**VIA ECF**

The Honorable Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *The Travelers Companies, Inc. v. Old Mutual plc*, 18-cv-2171

Dear Judge Abrams:

    We write as counsel for defendant Old Mutual plc ("Old Mutual") in response to the letter (Dkt. 3) ("Letter") and the proposed, so-called Order to Show Cause (Dkt. 3-1) filed yesterday by counsel for Plaintiffs The Travelers Companies, Inc. and St. Paul Fire and Marine Insurance Company ("Travelers").  We regret having to burden the Court with this response to Travelers' filing, which was lodged without meaningfully meeting and conferring, in violation of Local Rule 37.2.  As the Court is aware, this case was filed on Monday.  The sum and substance of the schedule Travelers now demands through an "Order to Show Cause" was proposed by Travelers' counsel in an email sent at 9:55 p.m. on Monday, 13 March, to which Travelers demanded a substantive response by 9:30 a.m. the next day.  (*See* Exhibit 1.)  We were in the process of working with our client representatives in the UK to formulate a response, including beginning a rolling production of documents, when Travelers filed the Letter.  Old Mutual respectfully requests that the Court deny Travelers' proposed schedule, and instead enter the attached proposed preliminary scheduling order ("Proposed Order," Exhibit 3.)

    As background, at a conference requested by Travelers on Monday, 12 March, the Court expressed a desire that the parties meet and confer regarding discovery and scheduling issues.  Later that day, counsel for the parties met and conferred regarding Travelers' document requests and the possibility of and the need for an evidentiary hearing, among other things.  That night, we received the attached correspondence with specific proposals that Travelers did not put forward during the call.  Without waiting to receive our response, and without any attempt to meet and confer on the specifics of their proposal, Travelers proceeded to the file the Letter.

    Travelers' approach to working out a scheduling order is emblematic of its claims and demand for a preliminary injunction – a manufactured crisis of its own making.  While

The Honorable Ronnie Abrams
March 14, 2018
Page 2

Travelers' suggests that Old Mutual's inability to respond to their demands between 10:00 p.m. and 9:30 a.m. the next day is a "delay" that is part of a "strategy to prejudice Travelers," the papers they filed in connection with their ill-conceived complaint and motion for a preliminary injunction make clear that Travelers has been aware of the publicly-disclosed managed separation under UK law, which Travelers now characterizes as "asset stripping," since June 2016 at the latest. (*See* Exhibit 2 (June 6, 2016 Letter from Jay Benet to Ingrid Johnson, attached as Ex. I to Friedman Declaration).) And what Travelers characterizes as a "secret side agreement" (*see* Friedman Decl. ¶ 7) is in fact a Release Agreement through which Fidelity and Guaranty Life Insurance Company ("F&G Life") *released* Travelers of its obligations under the 3 February 1999 Guaranty ("Guaranty") that underlies the Indemnification Agreement that Travelers claims Old Mutual has breached. (*See* Friedman Decl. Exs. A, B.) Travelers has had a copy of the Release Agreement since December 1, 2017.

To be clear, if Travelers has no liability under the Guaranty, then there is nothing to indemnify, and Travelers has no claim. Because the Court had not yet had an opportunity to review Travelers' complaint before the 12 March conference, we want to point out that notwithstanding Travelers' claims of delay and the dire need for a preliminary injunction, Travelers does not allege in its complaint (1) that Travelers has any remaining obligations under the Guaranty; much less (2) that Travelers has been called upon to make any payment under the Guaranty – ever – that could have triggered an indemnification right. In short, through its complaint and motion for a preliminary injunction, Travelers is asking the Court, on a truncated record, to enjoin a proceeding supervised by the High Court of Justice in England and Wales which affords Travelers the right to request that allowances be made in respect of its claimed status as a creditor of Old Mutual, without even alleging that it has, or some day in the future will have, any reason to call upon the Indemnification Agreement that it nevertheless claims has been breached.

Far from the alleged delay in working to resolve this manufactured crisis, not only did counsel for Old Mutual meet and confer in good faith to try to work out a schedule, but Old Mutual's senior management flew from London to New York, on one day's notice, to meet with Travelers *yesterday afternoon,* a fact that Travelers neglects to mention in the Letter accusing Old Mutual of strategic delay.

Below, Old Mutual sets forth a schedule that it believes is reasonable under the circumstances, and that is also reflected in the attached Proposed Order, which Old Mutual respectfully requests be entered by the Court in place of the "Order to Show Cause" submitted by Travelers.

1. <u>Hearing Form and Date</u>. Travelers requests an evidentiary hearing on its motion for a preliminary injunction on 26 or 27 March, 2018. Old Mutual proposes a hearing on 28 March, at 10:00 a.m., both to resolve the matter promptly and give the parties the time to accomplish everything that needs to be done before the hearing. It is Old Mutual's position that the Court can render its decisions on the papers, supplemented with declarations and deposition testimony and exhibits as necessary. In any event, the need for live witnesses can be determined

The Honorable Ronnie Abrams
March 14, 2018
Page 3

once the issues crystalize, discovery is closer to complete, and the schedule, including the Court's availability, is more clear.

      2.      Service. The Court addressed the service issue on the 12 March telephone conference. It is Old Mutual's understanding that Travelers intends to serve the Complaint and papers upon Old Mutual by the methods set forth in the Stock Purchase Agreement by which Old Mutual acquired F&G Life from Travelers. (*See* Dkt. 3-1.) Old Mutual does not object.

      3.      Answering Papers and Reply Papers. Travelers' moving papers are extensive, and they obviously have been in the works for quite some time. Old Mutual requests until Wednesday, 21 March, at 5:00 p.m. to respond to the complaint and the motion for a preliminary injunction. Any reply papers should be filed by Friday, 23 March, at 5:00 p.m.

      4.      Discovery. Travelers asks the Court to direct Old Mutual to complete substantial production of responsive documents by 19 March, 2018, and complete production by 21 March, 2018. Travelers suggests that this will impose no burden on Old Mutual because it is "preparing for court proceedings related to its managed separation." (Letter at 1.) In point of fact, Travelers' document requests are exceedingly overbroad, particularly in the context of a production that must be completed in a matter of days. (*See* Friedman Decl. Ex. J.)

Old Mutual proposes that it send to Travelers by or before Thursday at noon a list of responsive documents that it is practical for Old Mutual to produce on a rolling basis to be completed by the following Monday, 19 March. Among the documents we believe Old Mutual will be able to produce are: (1) documents concerning the managed separation, (2) cash flow projections, (3) asset schedules, (4) corporate structure charts for the reorganized Old Mutual, and (5) materials provided to Old Mutual's board concerning the managed separation. In return, Old Mutual proposes that it serve any requests for documents on Travelers on or before 15 March; that Travelers respond by 18 March with a list of documents they can produce by 20 March and produce such documents on a rolling basis to be completed by 20 March.

With regard to depositions, Travelers proposes that each side be permitted up to two depositions of no more than five hours each that must be taken on or before 26 March. Old Mutual is willing to make its witness(es) available in New York, as Travelers has requested.

In sum, Travelers has not meaningfully met and conferred in good faith, the relief Travelers seeks should be denied and the Court should enter the attached Proposed Order.

We expressly preserve all of Old Mutual's jurisdictional and other rights and defenses.

                                        Respectfully,

                                        /s/Richard Mancino

                                        Richard Mancino

CC:      Bryce Friedman
            Deborah L. Stein